UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Thomas Brown, IV | Scott Goldsmith | |

**Proceedings:**    DEFENDANT PRIMECARE'S MOTION TO DISMISS (dkt. 7, filed April 2, 2015)

DEFENDANTS CYNTHIA MORENO-BENTON, KRISTI KIEHL, DANA GOODBEAU, AND CHINO HILLS FAMILY MEDICAL GROUP'S MOTION TO SEVER AND REMAND CLAIMS TWO THROUGH TEN (dkt. 13, filed April 16, 2015)

## I. INTRODUCTION

On March 4, 2015, plaintiff Alphonso Benton, M.D. ("Benton"), an individual, and Alphonso Benton, M.D., doing business as Compcare Medical, Inc. ("Compcare"), filed this action against defendants Cynthia Moreno-Benton, D.O. ("Moreno-Benton"), Kristi Kiehl, PA-C, MSPA ("Kiehl"), Dana Goodbeau ("Goodbeau"), Moreno Family Medical and Associates, Inc., doing business as Chino Hills Family Medical Group ("Chino Family Medical"), Primecare Medical Group of Chino Valley, Inc. ("Primecare"), and Does 1-20 in San Bernardino County Superior Court. Dkt. 1.[1] Defendant Primecare removed the action to this court on the basis of federal question jurisdiction on March 26, 2015. Id.

The complaint asserts the following claims: (1) breach of contract in violation of 42 U.S.C. § 1981; (2) breach of written contract; (3) misappropriation of trade secrets in violation of California's Uniform Trade Secrets Act, Cal. Civ. Code §§ 3426 et seq.

---

[1] The Court refers to Moreno-Benton, Kiehl, Goodbeau, and Chino Family Medical collectively as the "Chino Family Medical defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

("CUTSA"); (4) intentional interference with prospective economic advantage; (5) breach of fiduciary duty; (6) breach of duty of loyalty; (7) conspiracy; (8) conversion; (9) defamation; and (10) unfair competition.  See Compl.  Plaintiffs assert claims one (1) and two (2) solely against Primecare, claim five (5) solely against Moreno-Benton, and claim six (6) solely against Kiehl and Goodbeau.  See id.  The remaining claims are asserted against all defendants.  See id.

On April 2, 2015, defendant Primecare filed a motion to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 7.  Plaintiffs opposed this motion on April 13, 2015, dkt. 11, and Primecare replied on May 4, 2015, dkt. 19.

On April 16, 2015, the Chino Family Medical defendants filed a motion to sever and remand plaintiffs' state law claims (claims 2 through 10).  Dkt. 13.  Plaintiffs opposed this motion on April 27, 2015, dkt. 17, and defendant Primecare also opposed this motion on April 27, 2015, dkt. 16.  The Chino Family Medical defendants replied on May 4, 2015.  Dkt. 20.  The Court held a hearing on May 18, 2015.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

This action involves a business dispute arising from the dissolution of a marriage between two doctors who, until late 2014, jointly operated a medical practice.

Plaintiff Alphonso Benton, an African-American, is a licensed physician who operates a medical practice, plaintiff Compcare, located in Chino Hills, California.  Compl. ¶¶ 1-2.  Benton and Compcare provide family health and medical services.  Id. ¶ 13.  Defendant Cynthia Moreno-Benton, a Caucasian-American and licensed physician, was an officer and employee of Compcare until December 1, 2014.  Id. ¶ 3.  Benton and Moreno-Benton were married for over thirteen years, until Moreno-Benton filed for divorce on or about September 14, 2014.  Id. ¶ 14.

Defendant Kristi Kiehl, a Caucasian-American and physician's assistant, was a "key employee" of Compcare until submitting her letter of resignation on October 24, 2014.  Id. ¶ 4.  Defendant Dana Goodbeau, a Caucasian-American and "medical biller /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

office floater," was a "critical employee" of Compcare before submitting her letter of resignation on December 17, 2014. Id. ¶ 5. Defendant Chino Hills Family Medical Group is a California corporation that was incorporated by Moreno-Benton and registered with the California Secretary of State on August 25, 2014. Id. ¶ 6.

Defendant Primecare is an Independent Physician Association ("IPA") with its principal place of business in Chino, California. See id. ¶¶ 6, 23. On or about April 1, 2010, Primecare and Compcare entered into a written Primary Care Physician Services Agreement (the "Agreement"), whereby Primecare agreed to make monetary payments—known as "Capitation Payments"—to Compcare for the provision of medical services to patients under the federal Medicare Advantage program. Id. ¶¶ 8, 37.[2]

Plaintiffs allege that, at all relevant times, Moreno-Benton, Kiehl, Goodbeau, and Primecare were agents of Chino Family Medical. Id. ¶ 9. In the alternative, plaintiffs allege that Moreno-Benton, Kiehl, Goodbeau, and Primecare were engaged in a conspiracy with Chino Family Medical to "misappropriate Plaintiffs' trade secrets, interfere with and destroy Plaintiffs' business relationships, and destroy Plaintiffs' ability to do business." Id. ¶ 10.

Specifically, plaintiffs allege that, while still employed by Compcare, Moreno-Benton and Kiehl secretly incorporated Chino Family Medical and conspired with Primecare "for the solicitation and transfer of as many Primecare patients as possible from Compcare to [Chino Family Medical] as soon as Moreno-Benton and [K]iehl submitted their resignations from Compcare [in October 2014]." Id. ¶ 18. Plaintiffs further allege that, in or about July 2014, Moreno-Benton and unnamed defendants solicited the key employees of Compcare for employment with Chino Family Medical by

---

[2] "Medicare Advantage . . . is a federal program designed to permit persons eligible for Medicare to enroll in private insurance plans, including health maintenance organizations (HMOs). The Medicare program pays all or most of the premium for that insurance in lieu of paying Medicare benefits directly to service providers." Yarick v. PacifiCare of California, 179 Cal. App. 4th 1158, 1163 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

offering them higher pay. Id. ¶ 19. Plaintiffs allege that the amount that Compcare pays its employees is "confidential and sensitive corporate information." Id.

Plaintiffs further allege that, prior to announcing their resignations from Compcare, Moreno-Benton, Kiehl, Goodbeau, and Chino Family Medical converted "virtually all" of Compcare's information for their own use. Id. ¶ 23. Specifically, plaintiffs allege that the Chino Family Medical defendants "secretly retrieved and copied confidential and proprietary patient contact information, patient medical records, Compcare and patient billing records, contracts with Primecare and other Independent Physician Associations ("IPAs") and medical exchanges, business forms that had been developed by Compcare and other confidential, proprietary and trade secret information." Id.

In or about November 2014, plaintiffs allege that Moreno-Benton and Kiehl began soliciting plaintiffs' patients by sending letters and pamphlets to patients using Compcare's confidential mailing list. Id. ¶ 26. That same month, the Chino Family Medical defendants allegedly made a public posting on the Facebook page for "Chino Hills Family Medical Group," in which they falsely accused plaintiffs of terminating Moreno-Benton's employment, and encouraged Compcare patients to follow them to their new medical practice. Id. ¶ 29. Further, in December 2014, plaintiffs allege that Moreno-Benton or other defendants submitted a review to Yelp falsely stating that plaintiff Benton, inter alia, "misdiagnoses patients and holds them over a barrel to bleed their wallets," and encouraging plaintiffs' patients to transfer to Chino Family Medical. Id. ¶ 32. According to plaintiffs, Chino Family Medical began seeing patients on January 12, 2015. Id. ¶ 27.

Further, plaintiffs allege that Primecare has breached the aforementioned Agreement to make capitation payments to Compcare. Plaintiff states that Exhibit B to the Agreement defines "capitation payment" as the "payment made by Group [Primecare] to Provider [Compcare] for those Primary Care Services to be provided by Provider to Physician Members." Id. ¶ 37. Section 6.6 of the Agreement provides:

> Upon termination of this Agreement, Provider [Compcare] agrees to
> continue to render, and Group [Primecare] shall remain liable to pay
> Provider (at the rated provided for in Exhibit B, as payment in full less
> applicable Copayments) for the render of, Primary Care Services, to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

> Physician Member . . . until the Primary Care Services being rendered to the Physician Member by Provider are completed, or until Group makes reasonable and medically appropriate provision for the assumption of such services by another provider, whichever shall occur first.

Id. ¶ 39.[3] According to plaintiffs, this language obligated Primecare to continue making "the full Capitation Payment to Compcare until such time as [Chino Family Medical] began seeing patients on or about January 12, 2015." Id.

Plaintiffs allege that Primecare breached the Agreement by "drastically reducing" its capitation payments to Compcare in December 2014, "even though Section 6.6 of the Agreement required Compcare to continue rendering medical services to Medicare Advantage patients." Id. ¶ 42. Specifically, plaintiffs allege receipt of $27,293.70 in capitation payments from Primecare on November 18, 2014, but only $7,733.56 on December 17, 2014. Id. ¶ 43. Further, plaintiffs allege that Primecare conspired to divert December 2014 capitation payments to the Chino Family Medical defendants, even though Chino Family Medical had not yet begun serving Medicare Avantage patients. Id. Plaintiffs also allege that Primecare ignored multiple faxes and voicemails in which Compcare requested credentialing applications for physician's assistants, whom Compcare needed to hire in the wake of Moreno-Benton and Kiehl's departures. Id. ¶ 44.

## III. LEGAL STANDARD

### A. Motion to Dismiss

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

---

[3] Plaintiffs have not proffered a copy of the Agreement and its accompanying exhibits to the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     Motion to Sever and Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245, 20 S. Ct. 854 (1900); see also Schwarzer, *supra*, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

### III. DISCUSSION

    **A.**    **Defendant Primecare's Motion to Dismiss**

Plaintiffs assert a claim against Primecare for breach of contract in violation of 42 U.S.C. § 1981. Section 1981 prohibits racial discrimination that interferes with the making and enforcement of contracts and the exercise of other rights under the law. See 42 U.S.C. § 1981; St. Francis Coll. v. Al-Khazraji, 481 U.S. 504, 409 (1987). To state a claim under § 1981, a plaintiff must plead the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." Mercer v. Southwest Airlines Co., 2014 WL 7206881, at *5 (N.D. Cal. Dec. 18, 2014). "Proof of intent to discriminate is necessary to establish a violation of section 1981." Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1313 (1992), abrogation in other respects recognized by Newcal Indus., Inc. v. Ikon Office Solution, 513 F.3d 1038, 1055 (9th Cir. 2008). "Thus, while the federal rules require only that plaintiffs aver intent generally, Fed. R. Civ. P. 9(b), under section 1981 they must at least allege facts that would support an inference that defendants intentionally and purposefully discriminated against them." Id.

The Court concludes that plaintiffs have failed to plead facts supporting an inference of intentional discrimination. Here, plaintiffs conclusorily allege that Primecare's breach of the Agreement violates section 1981 "because (1) [Benton] is a member of a racial minority, (2) [Primecare] intended to, and did, discriminate against [Benton] on account of race, and (3) the discrimination concerned the right 'to make and enforce contracts' under 42 U.S.C. § 1981." Compl. ¶ 12. Plaintiffs do not allege a pattern of discrimination, actions indicating bias, or other facts that would support an inference that Primecare intentionally discriminated against Benton on the basis of his race. See Jones v. City of Los Angeles, 2009 WL 37116622, at *9 (C.D. Cal. Oct. 30, 2009) ("Here, Plaintiffs make only the most general conclusory allegations that Defendants' conduct was motivated by their race. Such conclusory allegations are insufficient."); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 & n.3 (9th Cir. 1984) (holding insufficient to support a § 1983 claim bare allegations of discrimination against African-Americans "unsupported by any facts as to how race entered into any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

decisions"). Instead, Benton states that he is a member of a racial minority, and, on that basis alone, asserts that Primecare's alleged actions were racially motivated. Such threadbare allegations do not suffice to support an inference of purposeful discrimination. Accordingly, the Court concludes that plaintiffs have failed to state a claim against Primecare for violation fo section 1981.

Because plaintiffs' claim for violation of section 1981 constitutes the exclusive basis for the Court's exercise of subject matter jurisdiction over this action, the Court declines to reach the remaining claims challenged by Primecare. Accordingly, the Court GRANTS without prejudice Primecare's motion to dismiss the first claim for relief.

### B.      Chino Family Medical Defendants' Motion to Sever and Remand

The Chino Family Medical defendants seek to sever and remand plaintiffs' second through tenth claims pursuant to 28 U.S.C. 1441 § (c)(2) on the grounds that the Court lacks supplemental jurisdiction over the claims.[4] Mot. Remand at 4. In the alternative, the moving defendants request that the Court decline to exercise supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c ). Id. at 5.

As a preliminary matter, plaintiffs contend that the Court should deny the Chino Family Medical defendants' motion because it is untimely under Federal Rule of Civil Procedure 81(c), and defendants did not comply with the meet and confer requirements of Local Rule 7-3. Pls.' Opp'n Mot. Remand at 1-2. Rule 81(c), which renders the Federal Rules of Civil Procedure applicable to removed actions, provides in pertinent part:

> A defendant who did not answer before removal must answer or present
> other defenses or objections under these rules within the longest of these
> periods: [¶] (A) 21 days after receiving--through service or otherwise--a
> copy of the initial pleading stating the claim for relief; [¶] (B) 21 days after

---

[4] The parties do not suggest that the Court has original jurisdiction over claims two through ten, which arise under California state and common law and, on their face, do not present federal questions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
|---|---|---|---|
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

being served with the summons for an initial pleading on file at the time of service; or [¶] (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c)(2). In the instant case, it appears that the longest of these three periods was seven days after the filing of the notice of removal on March 26, 2015—i.e., April 6, 2015, excluding weekends. However, the Chino Family Medical defendants did not file the instant motion until April 16, 2015. Dkt. 14. The Chino Family Medical defendants do not respond to plaintiffs' Rule 81 contentions.

      The Court declines to deny the Chino Family Medical defendants' motion on the basis of their apparent procedural default, since plaintiffs have not moved for an entry of default against the Chino Family Medical defendants. Pursuant to Federal Rule of Civil Procedure 55, where, as here, a plaintiff does not seek a "sum certain" from a defendant, Rule 55 requires the plaintiff to first apply to the clerk of court for entry of default under subsection (a), and subsequently, to apply to the Court for a default judgment under subsection (b)(2). Plaintiffs have not initiated any of these procedures, and thus the Court will not treat the Chino Family Medical defendants as having defaulted.

      The Court likewise declines to deny the instant motion on the basis of noncompliance with Local Rule 7-3. Local Rule 7-3 requires counsel contemplating the filing of a motion to contact and discuss the motion with opposing counsel at least seven days prior to filing the motion. C.D. Cal. L.R. 7–3. Although counsel for the Chino Family Medical defendants concedes non-compliance with the Local Rule, she asserts that she was compelled to violate it because, on the day prior to filing the instant motion, opposing counsel threatened to move for entry of default based on defendants' non-compliance with Rule 81. Teunisse Decl. ¶¶ 5-6. Plaintiffs respond to defendants' proffered justification with allegations of improper gamesmanship. Pls.' Opp'n Mot. Remand at 8. The Court declines to enter this fray. However, the parties are admonished to comply with all Local Rules going forward, and failure to do so may result in the imposition of sanctions. See C.D. Cal. L.R. 11–9.

      Turning to the substance of defendants' motion, 28 U.S.C. § 1367(a) provides that this Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

"A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (quoting another source)). Where, as moving defendants contend occurred in the instant case, a defendant removes an entire civil action containing both a claim that raises a federal question, as well as claims that are not within the original or supplemental jurisdiction of the district court, "the district court *shall* sever from the action all claims [not within the original or supplemental jurisdiction of the district court] and *shall* remand the severed claims to the State court from which the action was removed." Id. § 1441(c)(2) (emphasis added).

Moving defendants contend that claims two through ten do not share a common nucleus of operative fact with claim one, because the "nucleus of operative fact underlying the federal claim is that Primecare discriminated against plaintiffs, on the basis of race, in terminating its contract with plaintiffs," whereas "the nucleus of operative facts which are the basis of the sate law based claims agains the Chino Family Medical [] defendants are that Dr. Moreno, in the aftermath of the marriage break up, left Compcare's medical practice [with Kiehl and Goodbeau] . . . and then allegedly engaged in a number of actions which violated plaintiffs' rights to . . . fair competition." Mot. Remand at 6-7.

The Chino Family Medical defendants mischaracterize plaintiffs' theory of the case. In claim seven, plaintiffs allege the existence of a conspiracy between Primecare and the Chino Family Medical defendants to "misappropriate Plaintiffs' trade secrets, interfere with Plaintiffs' business relationships, and otherwise engage in the wrongdoing alleged herein." Compl. ¶ 79. This language logically renders all claims alleged in the complaint—i.e., "the wrongdoing alleged herein"—part of the same case or controversy. Moreover, Primecare is alleged to have breached the same Agreement in both the federal claim for violation of 42 U.S.C. § 1981 and the common law claim for breach of contract. Although a claim for breach of contract under section 1981 requires proof of elements not applicable to the common law claim, see supra, to prevail on either, plaintiffs will need to prove breach. The facts underlying Primecare's alleged breach are necessarily common to both claims. Further, despite moving defendants' protestations to the contrary, all claims alleged in the complaint plainly arise from the deterioration of the personal and business relationship between plaintiff Benton and his ex-wife and former business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

partner, defendant Moreno-Benton. Compl. ¶ 14 ("Benton and Moreno-Benton . . . practiced medicine together [and] were also married with three children for over thirteen years, until Moreno-Benton filed for divorce on or about September 14, 2014. At or about that time, Moreno-Benton . . . and . . . her agents and co-conspirators, began to exhibit increasingly vindictive . . . statements about and actions toward Benton . . . ."). In light of the common nucleus of fact underlying the entire complaint, the Court may exercise supplemental jurisdiction over claims two through ten.

The Chino Family Medical defendants next request that the Court exercise its discretion to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Under section 1367(c), the Court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law, [¶] (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [¶] (3) the district court has dismissed all claims over which it has original jurisdiction, or [¶] (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)-(4).

Here, the Chino Family Medical defendants contend that the state law claims substantially predominate over the single federal claim. "If it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Kohler v. Islands Restaurants, LP, 956 F. Supp. 2d 1170, 1175 (S.D. Cal. 2013) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 86 (1966)). In support of their position, moving defendants appear to rely exclusively on the numerical predominance of the nine state law claims over the single federal law claim. See generally Mot. Remand. In opposition, plaintiffs contend that their state law claims do not predominate because the evidence required to prove the state law breach of contract claim and federal breach of contract claim necessarily overlaps, and "the balance of Plaintiffs' other state law claims all involve the same witnesses and parties." Pls.' Opp'n Mot. Remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:15-cv-00588-CAS(Ex) | Date | May 18, 2015 |
| Title | ALPHONSO BENTON ET AL. V. CYNTHIA MORENO-BENTON ET AL. | | |

At this juncture, the Court finds that it would be inappropriate to decline to exercise supplemental jurisdiction over plaintiffs' state law claims. The gravamen of plaintiffs' complaint is that Primecare and the Chino Family Medical defendants conspired to undermine Compcare's business in the aftermath of plaintiff Benton and defendant Moreno-Benton's divorce. It would not serve judicial economy to try one portion of the conspiracy in federal court, and another in state court. See Executive Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1557 (9th Cir. 1994) overruled on other grounds by California Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008) ("[T]he exercise of discretion, of course, still is informed by whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodat[ing]' the values of 'economy, convenience, fairness, and comity.' " (quoting another source)).

Accordingly, the Court DENIES without prejudice the Chino Family Medical defendants' motion to sever and remand.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES without prejudice the Chino Family Medical defendants' motion to sever and remand. The Court GRANTS without prejudice Primecare's motion to dismiss plaintiffs' first claim for breach of contract in violation of 42 U.S.C. section 1981. Plaintiffs shall have until **Wednesday, June 17, 2015**, to file a first amended complaint addressing the deficiencies identified herein.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |